UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC., et. al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 1:11-cv-927- SEB-DKL |
| vs. ) | |
| ) | |
| DIAMOND INVESTMENTS, INC., et. al, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PENDING MOTIONS**
(Docket Nos. 59 & 60)

On April 17, 2013, after noting that Defendants had allowed a substantial period of time to pass without filing a response, the Court granted Plaintiffs' unopposed motion for summary judgment and entered judgment in favor of Plaintiffs. The very next day, Defendants filed a "Motion to Set Aside Default Judgment"[1] together with a "Motion for Leave to File Belated Motion for Extension of Time to Respond to Plaintiffs' Motion for Summary Judgment." Those motions are now before the Court.

In asking the Court to set aside its judgment, Defendants' lawyer, Steven B. Geller, states that he did not become aware of Plaintiffs' summary judgment motion filed on November 16, 2012, until April 3, 2013.[2] On April 15, 2013, Attorney Geller sent an e-mail to Plaintiffs' counsel

---

[1]  Contrary to the title of Defendants' motion, the Court's judgment was not a "default judgment."

[2]  The Court's national e-mail tracking database reveals that the Notice of Electronic Filing for Docket No. 52 (Plaintiffs' summary judgment motion) and Docket No. 53 (Plaintiffs' supporting brief) were successfully delivered to Attorney Geller on November 16, 2012, at steven.geller@sbcglobal.net, which is the e-mail address he provided to the Court for service via CM-ECF.

inquiring whether Plaintiffs would object if Defendants filed a belated response, but as luck (bad luck, that is) would have it, on April 17, 2013, the Court issued its ruling on Plaintiffs' summary judgment motion before he had the chance to file anything. Attorney Geller cites no rule or other authority pursuant to which he contends the Court has authority to provide the relief he seeks, but submits that, if the Court sets the judgment aside and allows Defendants to file a belated response, he "believes" that Defendants will be able to show that there are genuine issues of material fact precluding summary judgment in favor of Plaintiff.

Plaintiffs object to both motions. They respond that Defendants have failed to present any evidence or argument sufficient to warrant setting aside the judgment under Fed. R. Civ. P. 60(b). They remind the Court that Defendants' conduct during the course of this litigation has been rife with delays and failures, and they ponder why, if Attorney Geller first learned of their summary judgment motion on April 3, 2013 (some five months after it was filed), he delayed another two weeks until April 15, 2013 before contacting their counsel to discuss his belated response.[3]

In addition, Plaintiffs argue that allowing Defendants to file a belated response would be futile. They submit that the facts which Defendants claim they would present to the Court – facts relating to the occupancy of Juke Box Live and BMI's alleged failure to return a phone call – have nothing to do with the elements necessary to establish copyright infringement and are, thus, *immaterial*. Defendants did not respond to this argument. In fact, Defendants did not attempt to refute *any* of Plaintiffs' arguments in opposition to the two pending motions, for they filed no reply briefs.

---

[3] It is similarly curious why, if Attorney Geller believed that there was some sort of problem with service to his e-mail account through CM-ECF or that he inadvertently missed the Court's e-mails, he did not immediately file some kind of motion or other notice with the Court.

We recognize that even though the Court's notices were delivered to Attorney Geller's e-mail address, Attorney Geller may have overlooked or inadvertently deleted them without reading them. Even so, we are not persuaded that such inadvertence (or neglect) justifies setting aside the judgment here. Given Defendants' pattern of failures and delays in this litigation, as well as Defendants' failure to address Fed. R. Civ. P. 60(b), the apparent immateriality of the two facts that Defendants would present to the Court in attempt to defeat Plaintiffs' summary judgment motion if permitted to file a belated response, and Defendants' failure to refute any of Plaintiffs' arguments in opposition to the two pending motions, the Court finds that there are no grounds to set aside the judgment previously entered.

Defendants' "Motion to Set Aside Default Judgment" and "Motion for Leave to File Belated Motion for Extension of Time to Respond to Plaintiffs' Motion for Summary Judgment" are accordingly both DENIED. The Court's April 17, 2013, judgment is affirmed.

IT IS SO ORDERED.

Date:   06/06/2013

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Anthony V. Disomma
STEVEN B. GELLER ATTORNEY AT LAW
fivestarjudge@gmail.com

Steven B. Geller
STEVEN B. GELLER LAW OFFICE
steven.geller@sbcglobal.net

Peter Jon Prettyman
TAFT STETTINIUS & HOLLISTER LLP
pprettyman@taftlaw.com